## CORTLAND WAGON CO. *et al. v.* GORDY *et al.*

There was no error in dismissing on demurrer a creditors' petition against an insolvent debtor and certain of his creditors to whom he had given mortgages, there being no valid attack upon one of them, the attack upon the others not being direct and unequivocal, but of a "fishing," uncertain and doubtful nature, and the petition as a whole not showing affirmatively that even if the mortgages thus attacked should be set aside, the plaintiffs would realize anything from the insolvent debtor's estate.

June 8, 1896. By two Justices. Argued at the last term.

Equitable petition.  Before Judge Butt.  Muscogee superior court.  May term, 1895.

To the petition of the Cortland Wagon Company, the Landon Conrad Saddlery Company and J. H. Milliken & Sons *v.* C. L. Gordy, the Fourth National Bank of Columbus, Peabody, Brannon, Hatcher & Martin, and O. C. Bullock, defendants demurred. The demurrer was sustained, and plaintiffs excepted.

The petition alleged:  Gordy is indebted to the Cortland Wagon Company $50, evidenced by note dated September 15, 1893, and due four months after date, to Landon Conrad Saddlery Co. $243.80 upon an account and agreement, copy of which is attached, and to Milliken & Sons $52.80 upon an account, copy of which is attached. Gordy is a trader and is insolvent. He dealt in wagons, etc., in Columbus, and bought goods from petitioners in said business, which is the consideration of said indebtedness. He carried on a large business, and has for some time past, and has or

ought to have on hand some $3,000 in money, notes, debts and accounts. He owned and possessed a tract of land, the quantity and location of which are unknown to petitioners. He has executed to the Fourth National Bank a mortgage upon said stock of goods, to secure a debt or pretended debt of $2,500, one to Peabody, Brannon, Hatcher & Martin to secure a debt or pretended debt of $500, one to L. A. Scarborough, his brother-in-law, for $1,400, and to O. C. Bullock a mortgage upon the realty owned by him, to secure a debt or pretended debt to Bullock, the amount of which is unknown to petitioners. The bank and Peabody, B. H. & M. have foreclosed their mortgages, caused execution to issue thereon, and have the stock of goods advertised for sale thereunder, and unless restrained, will proceed to sell the same. Petitioners charge, upon information and belief, that Gordy is not indebted to the Fourth National Bank in said sum, and if he was indebted to it, a large portion of said indebtedness has been discharged; and for proof of this they have to resort to the consciences of its officers, and to that end they ask that its president and cashier be required to answer on oath various interrogatories set forth in the petition. Petitioners charge, upon information and belief, that the mortgage of Peabody, Brannon, H. & M. is without consideration, and was given to secure a fee before any litigation was had or commenced. They cannot establish this without resorting to the conscience of Gordy and the members of the firm, and therefore ask that said defendants make answer to various interrogatories set forth in the petition. They charge, upon information and belief, that the mortgage of Bullock was without consideration, or if any consideration, has been discharged. For this they have to resort to the conscience of Bullock and Gordy, and to this end pray they be required to answer various interrogatories set forth in the petition. Petitioners pray for the appointment of a receiver; that the bank, Scarborough, Peabody, B. H. & M., be restrained from proceeding to sell

the goods under their mortgages until further order; that Gordy be restrained from interfering or disposing of his property until further order; that petitioners have judgment against Gordy for the sums due them, and that the proceeds of his property to be sold by a receiver be paid to petitioners in discharge of their debts. The petition was verified by affidavit of C. J. Thornton, that he is one of the attorneys of petitioners, and that the petition is true to the best of his knowledge and belief. Also, by affidavit as to the account of the saddlery company, that it was just, due and unpaid, that the articles mentioned therein were sold and delivered to Gordy and he promised to pay the amount therein charged, as per contract attached. The contract attached contains an agreement by Gordy that the goods were to remain the property of the company and to be sold by Gordy on commission, etc. It was dated July 20, 1892, and was to be of force for one year from that date. There was also attached an unitemized copy of account of Milliken & Sons. By amendment petitioners alleged, that the claims described in their original petition are due and unpaid and that payment has been demanded of Gordy. They charged, upon information and belief, that defendants were combining and colluding to defraud petitioners and other creditors of Gordy. This amendment is verified by an affidavit of Thornton, similar to his affidavit above mentioned. The petition was filed February 6, 1894.

Defendants demurred upon the following among other grounds: (1) The petition is not verified as required by law. (2) It nowhere appears that demand was made upon Gordy before the filing of the petition. (3) It is not alleged that plaintiffs' demands are due, and no reason is set forth for bringing the action before they are due. (4) It appears from the petition that Gordy had ceased to be a trader before it was filed. (5) No sufficient allegations of fraud are set out. (6) It is not alleged that any of defendants other than Gordy are insolvent.

34

*C. J. Thornton* and *A. E. Thornton*, for plaintiffs.     *C. E. Battle* and *Brannon, Hatcher & Martin*, for defendants.

LUMPKIN, Justice.

It appears that Gordy, an insolvent trader, had executed mortgages to the Fourth National Bank of Columbus, to Peabody, Brannon, Hatcher & Martin, to O. C. Bullock and to L. A. Scarborough. The Cortland Wagon Company and others, creditors of Gordy, filed an equitable petition against him and all of the above mentioned mortgagees except Scarborough, for the purpose of having the assets of Gordy administered under the insolvent trader's act. The petition also contained certain allegations and prayers for discovery, the apparent purpose of which was to attack the validity of the mortgages held by the three mortgagees who were parties to the proceeding.

The attack upon the mortgage given to Peabody, Brannon, Hatcher & Martin, who were a firm of practicing attorneys, really amounted to nothing, the only charge against their mortgage being, in effect, that it was given to secure them a fee for their services to be rendered in the litigation which Gordy anticipated would arise over the winding up of his affairs—the debtor's anticipation of which appears to have been realized. It was certainly his right to employ attorneys, and we can conceive of no reason why it was not perfectly legitimate and proper for him to secure to them adequate compensation for their services in this manner. See *Drucker & Bro.* v. *Wellhouse & Sons*, 82 *Ga.* 129.

The attacks upon the mortgages given to the bank and to Bullock were not direct and unequivocal. The petition nowhere distinctly averred that these mortgages were without adequate consideration. It merely charged in general terms, and upon information and belief, certain things which, if true, would show that Gordy was not really ever originally indebted to these parties the full amounts set

forth in their respective mortgages, or if so, that the same had been discharged. The special interrogatories by which the discovery above mentioned was sought were of a "fishing" nature; and on the whole, it seems clear that the petitioners really knew nothing against the validity of these mortgages, and were merely casting about in a vague and uncertain way to ascertain something which would discredit them. We do not mean to be understood as holding that the complaining creditors would have no right to attack mortgages which they believed were not just liens upon their debtor's property without having positive knowledge of their invalidity, or that they could not resort alone to the consciences of the mortgagees for the purpose of showing that their alleged liens were invalid. We merely hold that in order to entitle unsecured creditors to avail themselves of this remedy, it is incumbent upon them to make it appear to the court that they have a substantial interest in the subject-matter, and that the relief sought will have the effect of protecting that interest. In other words, a court of equity will not compel discovery unless the party seeking it alleges at least enough to show that he may derive some benefit from forcing his adversary to disclose the truth. We have not referred to the looseness of the plaintiff's allegations and prayers for discovery for the purpose of showing that their imperfections would alone be sufficient to authorize a dismissal of their petition, but simply as illustrative of its incompleteness as a whole. Its radical defect lies in the fact that, taking it altogether, it does not show affirmatively that even if the mortgages to the bank and to Bullock should be set aside, the plaintiffs would realize anything from the insolvent debtor's property. It utterly fails to disclose the amount and value of Gordy's estate; and, as will have been seen, no attack whatever is made upon the mortgage held by Scarborough, while, as to the attack made upon the mortgage given to the attorneys, it has been shown that the grounds upon

which this mortgage is alleged to be invalid are not well founded. For aught that the petition discloses, these two mortgages would exhaust the debtor's entire assets. It therefore is not made to appear that any benefit whatever would result to the plaintiffs, either from obtaining the discovery sought, or from an equitable administration of Gordy's property. The remedy invoked by the petition is, at best, a harsh one, and consequently one of which the plaintiffs should not be permitted to avail themselves without showing clearly an equitable right to insist upon it as necessary to their protection.            *Judgment affirmed.*